IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-187-BO

| | |
|---|---|
| WAYMON ODELL CHAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 28, 31]. A hearing was held in Raleigh, North Carolina on May 12, 2015, at which the Commissioner appeared via video feed. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision denying his claim for disability insurance benefits pursuant to Title II of the Social Security Act. Mr. Chavis filed his claim on September 2, 2009, alleging an onset date of September 30, 2005. [Tr. 153]. His claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on February 17, 2011. [Tr. 153]. The ALJ issued an unfavorable decision [Tr. 150], but the Appeals Council granted plaintiff's subsequent request for review, and on August 1, 2012, issued an order remanding the case for additional proceedings. [Tr. 158]. A second hearing was held before the ALJ on May 22, 2013, resulting in a partially favorable decision finding plaintiff disabled as of his 55th birthday. The Appeals Council denied Mr. Chavis's request for review, and the ALJ's decision became the

1

final decision of the Commissioner on January 27, 2014. Mr. Chavis then timely sought review in this Court.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ determined that Mr. Chavis's

chronic obstructive pulmonary disease, diabetes mellitus, and hypertension constituted severe impairments dating from the alleged onset date of disability. [Tr. 177–78]. The ALJ also found that, beginning on plaintiff's 55th birthday, plaintiff's hypertension, coronary artery disease, shoulder and neck pain with possible arthritis, sleep apnea, vertigo, and gastroesophageal reflux disorder constituted severe impairments. [Tr. 178]. The ALJ found that plaintiff at no point had an impairment or combination of impairments that met or equaled a listing. [*Id.*]. At step three, the ALJ concluded that plaintiff was capable of performing a reduced range of light work prior to July 12, 2012, and the full range of sedentary work after that date. [Tr. 179, 184]. The ALJ then determined that plaintiff was unable to perform his past relevant work at any time. [Tr. 185]. Plaintiff's residual functional capacity (RFC) of sedentary work dictated a finding of disabled based on Medical Vocational Rule 201.06 as of July 12, 2012, plaintiff's 55th birthday. [Tr. 187]. Based on the vocational expert's testimony, however, the ALJ determined that jobs exist in significant numbers that plaintiff could perform prior to July 12, 2012, when he had an RFC of light work. [Tr. 185–86]. Accordingly, the ALJ found that plaintiff was not disabled prior to June 12, 2012, and disabled after that date. [Tr. 31]. Plaintiff now seeks review of the ALJ's decision that plaintiff was not disabled between the alleged onset date and July 12, 2012.

First, plaintiff argues that the ALJ erred by improperly discounting the medical opinions of plaintiff's treating physician. A treating physician's opinion is entitled to controlling weight if it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other medical evidence in the case record. 20 C.F.R. § 416.927(d)(2). Determining an individual's RFC or deciding whether an individual is disabled are issues reserved exclusively to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1) and (2), 416.927(e)(1) and (2); and SSR 96–5p. In his decision, the ALJ balanced the serious

Winkel, lengthy consideration and thorough analysis. The ALJ balanced the serious consideration due the opinion of a treating source with Dr. Winkel's conclusory statements of disability that were inconsistent with her own clinical notes and diagnostic studies. [Tr. 182]. The ALJ noted that there were few clinical findings suggesting functional impairments consistent with Dr. Winkel's opinion that plaintiff could not work prior to June 12, 2012, and spent roughly four paragraphs explaining his decision to give Dr. Winkel's opinion as to the RFC little weight. [Tr. 182]. The ALJ also noted a number of pieces of evidence at odds with Dr. Winkel's opinion, such as the Disability Determination Services opinions that plaintiff was capable of performing medium to light work, Dr. Winkel's own observations that plaintiff's flare-ups only occurred when exposed to paint fumes and that his diabetes was well-controlled in 2010, and the consultative examiner's evaluation. Given the record evidence and the ALJ's thorough discussion of Dr. Winkel's opinion, the Court cannot conclude that the ALJ erred by failing to give her opinion controlling weight.

Plaintiff also argues that the ALJ erred by failing to comply with the Appeals Council's directives in developing plaintiff's RFC. Though plaintiff argues that the ALJ failed to determine the presence of upper extremity and manipulative limitations in contravention of the Appeals Council's order, the Appeals Council did not order the ALJ to include postural and manipulative limitations. [Tr. 168–69]. The Appeals Council did order the ALJ to provide further consideration to the RFC with specific references to the evidence in the record in support thereof. [Tr. 169]. The ALJ did exactly that. He considered plaintiff's subjective testimony [Tr. 180], discussed the medical records [Tr. 180–83], and specifically referenced the physicians' findings, noting, for example, that plaintiff's blood pressure and respiratory issues were controlled with medications [Tr. 182], and that there was a general lack of discussion of acute distress or

4

weakness [Tr. 183]. Given the Appeals Council's directives and ALJ's thorough treatment of the evidence, the Court cannot conclude the ALJ erred in determining the RFC.

Plaintiff's last argument is that the ALJ did not comply with the Appeals Council's instructions to consider the statements of plaintiff's wife and daughter. Plaintiff bears the burden of demonstrating that any error by the ALJ was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). The ALJ devoted an entire page in his opinion to the discussion of third-party statements and specifically addressed plaintiff's wife's testimony from the 2011 as well as 2013 hearings. While the ALJ did not discuss the plaintiff's daughter's statement, the Court finds that plaintiff has failed to show he was harmed by this error. *See Garner v. Astrue*, 436 F. App'x 224, 226 (4th Cir. 2011) (holding that plaintiff failed to show he was harmed by ALJ's drafting error where ALJ failed to list certain impairments at step two but it was clear that they were included at step three). The ALJ discussed plaintiff's wife's statements thoroughly, noting that the wife's statement did not conclusively establish disability, but considered her opinion in formulating the limitations in the RFC. The daughter's statement is virtually identical to the wife's, and it is clear that the ALJ included the symptoms discussed by the daughter in her statement in the RFC.

In sum, substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff was not disabled before July 12, 2012.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 28] is DENIED, and defendant's motion for judgment on the pleadings [DE 31] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __22__ day of May, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE